29  1



# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

April 13, 1959

Honorable Jimmy Morris
County Attorney
Navarro County
Corsicana, Texas

Dear Mr. Morris:

Opinion No. WW-594

Re: Whether the holder of an
exemption certificate may
vote upon making affidavit
that the certificate has
been lost, mislaid, or
left at home.

You have requested an opinion on the following question:

"May a person who is exempt by law from the pay-
ment of a poll tax and who applied for and received
an exemption certificate from the Tax Collector vote
at an election by making his affidavit of the fact
that he has lost, mislaid, or left at home his
certificate?"

In explanation of the question, we quote the following
excerpt from your request:

"Article 5.16 of the Election Code (the last two para-
graphs thereof) states:

"'Although entitled to an exemption certificate,
no one shall vote who does not possess a current
exemption certificate.

"'In the event of loss of certificate of exemp-
tion, the voter may secure a reissue under his old
number by making affidavit of such loss before the
County Tax Collector.' (Italics mine.)

"Article 8.08 of the Election Code states '* * *
if the voter has lost, mislaid, or left at home his
receipt or certificate, and shall present his affi-
davit of that fact, * * *' then the person is allowed
to vote.

"Some of our election judges have taken the position that Article 5.16 is the controlling statute and that it is mandatory that once an exemption certificate is issued, the voter must possess said certificate (or secure a reissue of his old number) before he is allowed to vote. Other election judges have taken the position that Article 8.08 is the controlling statute when an exemption certificate is lost, mislaid, or left at home."

You then state that in your opinion Article 8.08 is the controlling statute. We agree with this conclusion. We do not interpret Article 5.16 as being in conflict with Article 8.08. There is no apparent reason why the law should permit voters subject to payment of the poll tax to make an affidavit of loss of the poll tax receipt without allowing the same privilege to the holders of exemption certificates, and it is our opinion that the law does not make a distinction between these two classes of voters.

A review of the legislative history of Article 5.16 of Vernon's Election Code will be helpful in understanding the purpose and intended meaning of the two paragraphs quoted above. Prior to 1930, all exemption certificates had to be obtained annually. By an amendment in that year to Article 2968, Revised Civil Statutes of 1925 (Chapter 26, Acts of the 41st Legislature, 5th Called Session), provision was made for issuance of "permanent" exemption certificates to certain exempt voters, including those over 60 years of age. The permanent certificate continued in force so long as the holder continued to reside in the precinct in which he resided at the time of issuance. Among other changes in language, the following provision was added by the 1930 amendment:

"In the event of loss of certificate of exemption the voter may secure a reissue under his old number, by making affidavit of such loss before the County Tax Collector."

While this provision was not limited to permanent certificates, it seems likely that the principal motivation for putting it into the law was to permit permanent certificate holders to obtain a reissued certificate and thereby eliminate the necessity for their having to make an affidavit of loss every time they voted. The language of the provision was permissive ("the voter may secure a reissue"), and there was no prohibition against voting upon making an affidavit of loss as provided in Articles 3004 and 3005, R.C.S. (now Articles 8.07 and 8.08 of Vernon's Election Code) if the voter failed to secure a reissue.

In 1945 the Legislature amended Article 2968 to delete provisions for issuance of permanent certificates and to provide that "all certificates of exemption shall be renewed or reissued annually." Chapter 333, Acts of the 49th Legislature. In 1948 the Texas Supreme Court held in the case of Thomas v. Groebl, 147 Tex. 70, 212 S.W.2d 625, that the provision in the 1945 amendment stating that all certificates of exemption shall be renewed or reissued annually was directory and not mandatory, and that holders of permanent exemption certificates obtained prior to the 1945 amendment, or of certificates obtained after 1945 for a year prior to the year in which they offered to vote, could still vote on those certificates.

When the Election Code was adopted in 1951, Article 2968 was carried into the Code as Section 48 (Article 5.16, Vernon's Election Code) in substantially the same form as the 1945 amendment, but with two significant changes so far as this opinion is concerned. A sentence was added, stating that the certificate "shall entitle such voter to vote at any election held between the date of its issuance and a period of one year from the 31st day of January following its issuance"; and the following sentence was substituted for the provision that certificates should be renewed or reissued annually:

"Although entitled to an exemption certificate, no one shall vote who does not possess a current exemption certificate."

The evident purpose of these changes was to overcome the holding in Thomas v. Groebl by removing the provision which had been held to be directory only and by adding provisions expressly stating the effective period of the certificate and prohibiting voting unless the voter possessed a current certificate. See Historical Comment under Article 5.16 of Vernon's Annotated Texas Election Code. The purpose of these provisions was to make it plain that a new certificate had to be obtained each year. We are of the opinion that the word "possess" was intended to mean no more than that the voter must have secured a current certificate, and that the Legislature did not intend to deprive a voter who had secured a current certificate of the right to vote upon making an affidavit that it had been lost, mislaid, or left at home.

In addition to Article 8.08, other provisions of the Election Code permitting certificate holders as well as poll tax receipt holders to make an affidavit of loss are found in Article 5.05, Subdivision 2 (absentee voting), Article 5.15 (removal to another county or election precinct), and Article 8.07 (presentation of receipt or certificate at polling place). All of these sections were amended in some manner when the Election Code was adopted, and obviously came under the scrutiny of the same Legis-

lature which added the provision to Article 5.16 concerning possession of a current exemption certificate. It would have been a simple matter for the Legislature to have deleted provisions permitting affidavits of loss of exemption certificates if it had intended any such effect by the provision in Article 5.16.

### SUMMARY

A voter who is exempt from the payment of a poll tax and who has obtained a current exemption certificate from the tax collector may vote at an election by making affidavit of the fact that the certificate has been lost, mislaid, or left at home.

Yours very truly,

WILL WILSON
Attorney General of Texas

By *Mary K. Wall*

Mary K. Wall
Assistant

MKW:pjc

APPROVED:

OPINION COMMITTEE
Geo. P. Blackburn, Chairman

Houghton Brownlee, Jr.
Tom Burrus
Jot Hodges, Jr.
Larry Jones

REVIEWED FOR THE ATTORNEY GENERAL
BY:
   W. V. Geppert